UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DIANA LUCIA O.G.,

      Petitioner,

      v.

SERGIO ALBARRAN, et al.,

      Respondents.

No. 1:26-cv-00010-TLN-DMC

**ORDER**

This matter is before the Court on an order to show cause why a preliminary injunction should not issue (ECF No. 4) after granting Petitioner Diana Lucia O.G.'s ("Petitioner") underlying Ex-Parte Motion for Temporary Restraining Order ("TRO") (ECF No. 2). Respondents filed a response and waived a hearing. (ECF No. 7.) For the reasons set forth below, the Court issues a preliminary injunction.

///

///

///

1

## I.    FACTUAL BACKGROUND[1]

Petitioner is a citizen of Colombia and an asylum applicant in the United States.  (ECF No. 2 at 2.)  Petitioner came to the United States on March 11, 2023.  (*Id.*)  The next day, immigration authorities released her into the interior to pursue her asylum application.  (*Id.*)

For over two and a half years, Petitioner established a life in the United States and complied with the conditions of her release.  (*Id.*)  She lives with her husband and two minor children.  (*Id.*)  Petitioner reports that she maintained a valid address with immigration authorities and appeared to appointments as required.  (*Id.*)  Petitioner also reports that she has never been arrested and has no criminal history.  (*Id.*)   Petitioner's immigration case is ongoing and there is no final order of removal.  (*Id.* at 4.)

Nevertheless, at a routine U.S. Immigration and Customs Enforcement ("ICE") check-in on October 11, 2025, Petitioner was detained by ICE, without notice, explanation, or an opportunity to be heard.  (*Id.* at 2.)  Petitioner states: the U.S. Department of Homeland Security ("DHS") had not identified any material change in circumstances; they did not claim she was a danger to the community or a flight risk; and Petitioner had not violated any condition, committed any crime, or failed to appear.  (*Id.*)  Since Petitioner has been detained, no immigration judge has conducted a custody hearing.  (*Id.*)

Petitioner had been detained for nearly three months without a hearing, when she challenged the lawfulness of her civil detention. (*See* ECF Nos. 1, 2.)  On January 2, 2026, Petitioner filed a petition for writ of habeas corpus (ECF No. 1) and a motion for TRO (ECF No. 2).  On January 3, 2026, the Court granted a TRO and ordered injunctive relief including Petitioner's immediate release from detention.  (ECF No. 4.)  Respondents state that Petitioner has been released.  (ECF No. 7 at 1.)  Now that the Court has heard from Respondents, it determines whether the relief granted in the TRO should continue as a preliminary injunction.

///

///

---

[1]    The instant factual background is taken largely verbatim from Petitioner's brief in support of her motion for TRO.  (ECF No. 2.)  Respondents did not dispute these facts.  (*See* ECF No. 7.)

## II.    STANDARD OF LAW

For a preliminary injunction, courts consider whether a petitioner has established "[1] that [s]he is likely to succeed on the merits, [2] that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in [her] favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Petitioner must "make a showing on all four prongs" of the *Winter* test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

In evaluating a petitioner's motion, a district court may weigh petitioner's showings on the *Winter* elements using a sliding-scale approach. *Id.* A stronger showing on the balance of the hardships may support issuing a preliminary injunction even where the petitioner shows that there are "serious questions on the merits . . . so long as the [petitioner] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* Simply put, a petitioner must demonstrate, "that [if] serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply" in petitioner's favor to issue the requested preliminary injunction. *Id.* at 1134–35.

## III.    ANALYSIS

This Court has already found that Petitioner established a likelihood of success on each of the *Winter* elements sufficient to warrant relief as set forth in the TRO. (ECF No. 4.) Because the standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary injunction, *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), the Court incorporates its reasoning from the TRO and need not duplicate its analysis here.

In opposition to the preliminary injunction, Respondents conclude in a single sentence that they submit "the detention authority" was lawful. The Court notes Respondents dissatisfaction with its ruling but finds no reason to reconsider its analysis given a dearth of argument or any new facts, case law, or legal reasoning.

Therefore, to prevent further irreparable harm, the Court issues a preliminary injunction as set forth below.

**IV.   CONCLUSION**

IT IS HEREBY ORDERED:

1. Respondents are ENJOINED AND RESTRAINED from imposing additional restrictions on Petitioner's terms of release, unless such restrictions are determined to be necessary at a pre-deprivation/custody hearing.

2. Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk.  At any such hearing, Petitioner shall be allowed to have counsel present.

3. This matter is referred to the United States Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Date: January 16, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

4